**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M.H.; T.B., | No. 23-35485 |
| Plaintiffs-Appellees, | D.C. No. 1:22-cv-00409-REP |
| v. | |
| MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DAVE JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare; IDAHO DEPARTMENT OF HEALTH AND WELFARE, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Argued and Submitted August 19, 2024
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dr. Magni Hamso brings an interlocutory challenge to an order denying her Rule 12(b)(6) motion to dismiss Plaintiffs-Appellees' ("Plaintiffs") 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection and procedural Due Process claims. Plaintiffs are adult transgender women and beneficiaries of Idaho Medicaid who suffer from gender dysphoria. Plaintiffs allege that Dr. Hamso denied them Medicaid coverage for medically necessary surgeries based on their transgender status under a then-unwritten policy that deems such surgeries as "cosmetic" specifically when treating gender dysphoria, even though Dr. Hamso grants coverage for the same surgeries when treating all other medical conditions "as a matter of course." Plaintiffs' coverage requests have been denied outright or effectively denied as the requests have been perpetually "under review."

Dr. Hamso argued below that she is entitled to qualified immunity on both constitutional claims and that Plaintiffs failed to state a plausible Equal Protection claim under § 1983. On appeal, she urges this Court to review the sufficiency of Plaintiffs' Equal Protection pleadings while asserting qualified immunity as a defense to damages under both constitutional claims.[1]

We have interlocutory jurisdiction to review orders denying qualified immunity where the "issue is a purely legal one: whether the facts alleged [by the

---

[1] Dr. Hamso acknowledges that qualified immunity only shields her from liability for money damages, and does not bar Plaintiffs' claims for injunctive or declaratory relief.

2

plaintiff] support a claim of violation of clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 528 n.9 (1985). We "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Id.* at 528. We review the denial of qualified immunity at the motion to dismiss stage de novo. *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020). We "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018) (internal brackets and quotations omitted) (citing *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012)). Denials of qualified immunity at the motion to dismiss stage should be affirmed if "accepting all of Plaintiff's allegations as true, Defendants' conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (internal quotations and citation omitted). Dismissal is not appropriate unless it is clear from the face of the complaint that qualified immunity applies. *Id.* There need not be a binding case directly on point, and absent binding Supreme Court or circuit authority, a "robust consensus" of persuasive authority may clearly establish the law. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42 (2011); *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022).

    1.    The parties dispute whether interlocutory jurisdiction for the denial of

qualified immunity includes jurisdiction to review the denial of a Rule 12(b)(6) motion for failure to state a plausible § 1983 claim, which is not ordinarily appealable. *See* 28 U.S.C. § 1291. We decline to decide the extent of our jurisdiction or exercise it, if any exists, to review the denial of Dr. Hamso's motion based on a purported failure to state a § 1983 Equal Protection claim.[2] *See Mitchell*, 472 U.S. at 528; *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (describing the limits of interlocutory review); *Johnson v. Jones*, 515 U.S. 304, 310–11 (1995) (quoting *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)) (articulating the three *Cohen* requirements for interlocutory review). We resolve this appeal only on qualified immunity grounds, and we affirm in part and reverse in part.[3]

2. We affirm the district court's denial of qualified immunity as to Plaintiffs' Equal Protection claim at this stage. Taking the factual allegations of the complaint as true and viewing them in the light most favorable to Plaintiffs, Dr. Hamso violated the transgender Plaintiffs' clearly established right to be treated

---

[2] The Supreme Court is expected to address similar Equal Protection issues in the case of *L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023), *cert. granted sub. nom. United States v. Skrmetti*, No. 23-477, 2024 WL 3089532, at *1 (June 24, 2024) (mem.).

[3] We deny as moot Plaintiffs' request for judicial notice and Plaintiffs' motion to strike Dr. Hamso's August 15, 2024, 28j letter response. The cited authorities are not relevant to the qualified immunity analysis, and thus we do not consider them.

equally to other, non-transgender Medicaid beneficiaries when seeking Medicaid coverage for the same medically necessary surgeries. *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1008–09 (9th Cir. 2010) (quotations omitted) (explaining the Equal Protection Clause's non-discrimination principle is "so clear . . . that all public officials must be charged with knowledge of it") As alleged, the policy of treating certain surgeries as "cosmetic" only when treating gender dysphoria creates a classification on the basis of transgender status and sex, which was clearly subject to heightened scrutiny under binding circuit precedent. *See Karnoski v. Trump*, 926 F.3d 1180, 1200–01 (9th Cir. 2019). As Dr. Hamso conceded at oral argument, by singling out gender dysphoria as the only non-covered condition, the policy exclusively burdens transgender beneficiaries relative to cisgender beneficiaries, regardless of individual circumstances or medical necessity. This case is therefore distinct from *Geduldig v. Aiello*, 417 U.S. 484 (1974), where no sex was comparatively disadvantaged in seeking disability insurance coverage.

Dr. Hamso had sufficient notice that the policy created a classification that would be subject to heightened scrutiny. *See, e.g.*, *Karnoski*, 926 F.3d at 1200–01. At the time of Dr. Hamso's coverage denials, a "robust consensus" of district court decisions evaluating the same or similar exclusionary polices across the country also put her on notice of Plaintiffs' Equal Protection rights in the healthcare

5

coverage context. *See, e.g.*, *Fain v. Crouch*, 618 F. Supp. 3d 313, 327–30 (W. Va. 2022) (enjoining West Virginia Medicaid exclusion for gender-affirming surgery as violative of Equal Protection); *Flack v. Wis. Dep't of Health Servs.*, 328 F. Supp. 3d 931, 951–53 (W.D. Wis. 2018) (same for Wisconsin Medicaid exclusion); *see also Lange v. Houston Cnty., Ga.*, 499 F. Supp. 3d 1258, 1275–77 (D. Ga. 2020) (holding a similar state employee health plan exclusion may plausibly violate Equal Protection on a disparate impact theory). The district court correctly denied qualified immunity at this stage without prejudice to Dr. Hamso to assert it again with a more developed record.

      3.     We reverse the district court's denial of qualified immunity as to Plaintiffs' procedural Due Process claim. Procedural Due Process claims require Plaintiffs to establish two elements, "(1) a protected property interest … and (2) a denial of adequate procedural protections." *Pinnacle Armor, Inc. v. United States*, 684 F.3d 708, 706 (9th Cir. 2011) (citations omitted). We agree that the complaint alleges a cognizable property interest in Medicaid coverage that was clearly established. However, Plaintiffs do not cite, and we did not find, any clearly established law that is "particularized to the facts of the case" regarding the procedural safeguards that are required for the welfare benefit at issue here. *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam).

    Each party shall bear their own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

7